IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE RESOLUTION TRUST CORPORATION,
AS RECEIVER FOR FIRST AMERICAN
FEDERAL SAVINGS BANK,

    Plaintiff,

vs.                                                          No. CIV 93-1024 MV/RLP

BERNARD SCHUCHMANN and
TARA SCHUCHMANN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion of Plaintiff Federal Deposit Insurance Corporation (as Successor to the Resolution Trust Corporation) to Stay Pending Appeal filed January 3, 2001 **[Doc. No. 534]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

The factual history of this case is described in detail in Judge Bunton's Order granting Defendant Tara Schuchmann's motion for fees and costs. Accordingly, the Court will simply summarize the facts here. The case began in August 1993, when the Federal Deposit Insurance Corporation (hereinafter "FDIC") filed three claims against Tara and Bernard Schuchmann, alleging negligence, gross negligence, and breach of fiduciary duty in connection with a group of loan transactions that occurred between April 1985 and November 1987. The case went to trial

in December 1998.  This Court granted Tara Schuchmann judgment as a matter of law on December 9, 1998.  The jury found Bernard Schuchmann liable for negligence but did not assess damages.  Judgment was entered on December 22, 1998.

Both Tara and Bernard Schuchmann filed an application for statutory attorneys fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Tara Schuchmann also filed a separate application, seeking the difference between the amounts recoverable under the first application and those recoverable under 28 U.S.C. § 2412(b), as well as under 28 U.S.C. § 1927(b) and the Court's inherent authority to make such awards.  In the alternative, she sought attorneys' fees and costs in the event that she did not prevail under her first application.

On December 19, 2000, this Court, the Honorable Lucius D. Bunton, III, entered an Order denying both defendants' application for fees and costs pursuant to 28 U.S.C. § 2412(d), and granting Tara Schuchmann's second application for attorneys' fees and expenses.  The Court granted Tara Schuchmann's second application pursuant to 28 U.S.C. § 2412(b) and to the Court's inherent power to make such awards as a sanction against the Plaintiff for bad faith conduct.  On January 3, 2001, Plaintiff filed a notice of appeal of the December 18, 2000 Order and a Motion to Stay Pending Appeal.

## STANDARD OF REVIEW

The parties are in dispute as to the standard of review that is to be applied.  Plaintiff maintains that because it is an agency of the United States, it is entitled to an automatic stay pending appeal without having to post *supersedeas* bond, pursuant to Rules 62(d) and 62(e) of the Federal Rules of Civil Procedure.  According to the defendants, Fed. R. Civ. P. 62 entitles federal agencies to avoid having to post bond when a district court finds that the standard for a

stay pending appeal has been met, but does not provide for an *automatic* stay pending appeal.

If Fed. R. Civ. P. 62 does not provide for an automatic stay pending appeal, the parties agree that Plaintiff will have to meet the four-part standard for obtaining a discretionary stay. Specifically, Plaintiff will have to demonstrate: (1) a likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) that the public interest favors the granting of a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *United States v. Various Tracts of Land in Muskogee & Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

## DISCUSSION

The Court finds that the weight of authority supports the FDIC's position. Rule 62 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(d) Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. **(e) Stay in Favor of the United States or Agency Thereof.** When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

Fed. R. Civ. P. 62(d)-(e). A majority of the courts that have addressed the issue have concluded that Rules 62(d) and 62(e), when read together, mean that in appeals involving a money judgment or some other monetary award, the United States (or one of its agencies) is entitled to an automatic stay without having to post bond.[1]

---

[1] *See, e.g., Hoban v. Washington Metropolitan Transit Authority*, 841 F.2d 1157, 1159 (D.C. Cir. 1988); *New York State Dept. of Environmental Conservation v. U.S. Dept. of Energy*,

It has long been held that a party taking an appeal from a district court will be entitled to an automatic stay of a money judgment by posting bond pursuant to Fed. R. Civ. P. 62(d). *See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966). Furthermore, the Northern District of New York has explained that "the language of Rule 62(e) is mandatory in stating that 'no bond, obligation, or other security shall be required' of the United States when seeking the stay." *New York State Dept. of Environmental Conservation*, 1999 WL 1034505, *1. Thus, read in connection with each other, it is clear that these two provisions of Rule 62 mean that the United States is entitled to an automatic stay without posting bond.

*United States v. Trans World Airlines, Inc.*, 18 F.3d 208 (3rd Cir.1994), supports this conclusion. In that case, the Third Circuit concluded that it did not have appellate jurisdiction over a district court order granting a stay pending appeal under Rule 62(d) and, in doing so, clearly treated Rules 62(d) and 62(e) as granting the United States an automatic stay pending appeal without the need to post bond. *Id.* at 212-13. Ms. Schuchmann is correct that this discussion is dicta; nonetheless, the Third Circuit's analysis undeniably supports the government's position on this issue. The Bankruptcy Court for the Eastern District of Wisconsin agreed when it concluded that *Trans World Airlines, Inc.* "declared that the Government, upon appealing a money judgment is entitled to a stay pending appeal as a matter of right." *In re Pansier*, 212 B.R. at 952. Relying on *Trans World Airlines, Inc.*, the Court concluded that the Internal Revenue Service was entitled, by virtue of Rules 62(d) and 62(e), to an automatic stay pending appeal of

---

1999 WL 1034505 (N.D.N.Y. Nov. 8, 1999); *In re Pansier*, 212 B.R. 950, 952 (E.D. Wis. 1997); *FDIC v. Scott*, 945 F.Supp. 988 (S.D. Miss. 1996); *In re Rape*, 100 B.R. 288 (W.D.N.C. 1989).

4

the district court's order directing it to pay a monetary award to a bankruptcy debtor.[2]

The Court notes Ms. Schuchmann's reliance on *In re Westwood Apartments, Ltd.*, 150 B.R. 163 (E.D. Tex. 1993), in which the Bankruptcy Court for the Eastern District of Texas ruled that Rules 62(d) and 62(e) did not entitle the United States to an automatic stay.  The court in *Westwood Apartments* focused its analysis on its observation that "subdivision (e) is complete and not dependent on subdivision (d). . . . If subdivision (e) is read together with subdivision (d), the second condition of (e) becomes superfluous."  *In re Westwood Apartments, Ltd.*, 150 B.R. at 166.  Notwithstanding the FDIC's insistence to the contrary, the Court has found nothing in that opinion that explicitly limits its holding to cases involving injunctions.  Nonetheless, the Court finds that to the extent the *Westwood Apartments* holding is applicable to cases involving money judgments and other monetary awards, its reasoning is not persuasive.

The Seventh Circuit explained the reasoning supporting the majority view in *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986):

> The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty . . . . Judgments against the United States . . . are paid out of a general appropriation (the 'Judgments Fund,' as it is called) to the Treasury. . . . This makes Rule 62(e), which entitles the federal government (and its departments, agencies, and officers) to a stay of execution pending appeal, without its having to post a bond or other security, appropriate.

*Id.* at 507.  In other words, the purpose of Rule 62(d) is to ensure that a party who has won a money judgment will be able to recoup that judgment if the case is affirmed on appeal.  This is not

---

[2]*See also Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986).

a problem in cases involving the United States, because in those cases, money judgments are paid out of the Judgments Fund.

The Court will rule in accordance with the majority of jurisdictions that have agreed with the Seventh Circuit's analysis by concluding that agencies of the United States are entitled to a stay pending appeal, as of right, without having to post a *supersedeas* bond. Accordingly, the Court declines to consider the FDIC's alternative argument that it is entitled to a discretionary stay pending appeal.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Stay Pending Appeal **[Doc. No. 534]** is hereby **GRANTED**.

                                      MARTHA VÁZQUEZ
                                      United States District Judge

Attorney for Plaintiffs
    F. Thomas Hecht
    Anthony S. Burt
    Claudette P. Miller
    Harold D. Stratton, Jr.
    Stephen D. Ingram

Attorneys for Defendants
    Alice Tomlinson Lorenz
    Douglas P. Lobel