IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Successor to the
RESOLUTION TRUST CORPORATION, as
Receiver for FIRST AMERICAN SAVINGS
BANK,

CIV No. 93-1024 MV/RLP

       Plaintiff,

vs.

BERNARD SCHUCHMANN,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment **[Doc. No. 554]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

## BACKGROUND

First American Savings Bank of Santa Fe, New Mexico ("First American"), formerly Taos Savings and Loan Association of New Mexico, was a chartered state institution that was acquired by a group of Dallas investors, including Defendant Bernard Schuchmann, in February 1985. On August 30, 1990, the Resolution Trust Corporation ("RTC") was appointed Receiver of First American on the grounds that First American had engaged in numerous unsafe and unsound

practices and was insolvent. On that same day, the Office of Thrift Supervision created First American Federal Savings Bank ("First American Federal"), which received certain assets of First American, including claims against former directors, officers and attorneys of First American, pursuant to a Purchase and Assumption Agreement, dated August 31, 1990. RTC was then appointed Receiver of First American Federal on November 29, 1990.

In 1993, RTC brought this action against certain former directors, officers, attorneys, and third party transferees of First American for breach of fiduciary duty, gross negligence, negligence, and aiding and abetting. The claims against all of the defendants, except Bernard and Tara Schuchmann, were dismissed prior to trial.[1] On January 9, 1996, Plaintiff gave notice to the Court of the statutory succession and substitution by the Federal Deposit Insurance Corporation ("FDIC") for RTC as Receiver of First American Federal and as the plaintiff in this civil action **[Doc. No. 246]**.

On March 6, 1998, Defendants Bernard and Tara Schuchmann moved for partial summary judgment **[Doc. No. 293]**, arguing that certain transactions could not be included in Plaintiff FDIC's cause of action because they were time-barred by the applicable statute of limitations. In opposition to Defendant's motion, Plaintiff argued that the statute of limitations should be tolled under the doctrine of "adverse domination." In his December 2, 1998 Order

---

[1]All other co-defendants were dismissed as parties to this action pursuant to the Notice and Stipulation of Dismissal with Prejudice as to Defendant Steven R. Sloan **[Doc. No. 307]**, Order granting RTC's motion to dismiss party Gary C. Bouty with prejudice pursuant to settlement agreement **[Doc. No. 241]**, Order granting motion for leave to dismiss Defendants Joan and Gene Bouty without prejudice **[Doc. No. 88]**, Order granting motion to dismiss complaint against Defendant Jon R. Likous **[Doc. No. 347]**, Notice of Dismissal as to Richard Parker pursuant to Rule 41(a) **[Doc. No. 526]**, and Order regarding stipulation dismissing Douglas C. Peter and Newman Davenport, P.C. with prejudice **[Doc. No. 258]**.

**[Doc. No. 421]**, Judge Bunton denied Defendant's motion because he found a genuine dispute over a material fact of whether there was "adverse domination." *FDIC v. Schuchmann*, CIV No. 93-1024, slip op. at 12 (D.N.M. Dec. 2, 1998).

This case then went to trial, and a jury returned a verdict on December 11, 1998, finding Defendant Bernard Schuchmann negligent only with respect to the Custer Road Loan and the Omni Real Estate Loan, but finding no proximate cause between Defendant's negligence and Plaintiff's damages. Therefore, the jury did not award any damages for the negligence regarding these loans. The jury also found no gross negligence or breach of fiduciary duties by Defendant Bernard Schuchmann, and specifically found no "adverse domination." The trial court also granted Defendant Tara Schuchmann's Motion for Judgment as a Matter of Law, dismissing all claims against Ms. Schuchmann with prejudice **[Doc. No. 478]**.

The Tenth Circuit "reverse[d] the district court's judgment with regard to the Omni loan transaction and remand[ed] for further proceedings" due to a faulty jury instruction. *FDIC v. Schuchmann*, 235 F.3d 1217, 1227–28 (10th Cir. 2000). The Tenth Circuit, however, affirmed all other aspects of the jury trial, including the jury's finding of no "adverse domination." *Id.* at 1229–30. Thus, Defendant Bernard Schuchmann is the only remaining defendant in this civil matter, and the sole claim against him pertains to the Omni loan transaction.

### STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c),

summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case, *see Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

**DISCUSSION**

Defendant argues that he is entitled to summary judgment as a matter of law concerning the one remaining claim in this dispute—the Omni loan made in August 1985. With regard to the Omni loan, the jury made a finding of negligence, but no damages or proximate cause. This jury verdict was reversed by the Tenth Circuit and remanded for further proceedings due to a faulty jury instruction. However, the jury also made a finding of no adverse domination concerning the Omni loan, and this finding was affirmed by the Tenth Circuit. Thus, Defendant argues that even though the Omni loan claim has been remanded to the district court, summary judgment on that claim is, nevertheless, warranted under the doctrine of "law of the case" because Plaintiff's one defense against the statute of limitations bar—adverse domination—has been found not to exist by a jury, and this finding was subsequently affirmed by the Tenth Circuit.

Plaintiff, on the other hand, relies on the Tenth Circuit's statement that "[w]holesale reversal on the Omni loan transaction is necessary because [it was] unable to speculate as to how a proper instruction would have affected the jury's findings with regard to the issues of gross negligence, breach of fiduciary duties, proximate cause and damages." *Schuchmann*, 235 F.3d at 1228 n.8. Plaintiff interprets the Tenth Circuit's directive to require a reversal of all findings pertaining to the Omni loan, including the finding of no adverse domination, thus mandating a new trial on that factual issue. Furthermore, Plaintiff asserts that the Tenth Circuit rejected a similar argument when the panel rejected Defendant's Petition for Panel Rehearing, and that numerous factual issues should be resolved at trial in order to determine whether or not the Omni loan falls within the statute of limitations.

## I. Statute of Limitations

The parties have agreed that the statute of limitations for this action is governed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), which provides in pertinent part:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be . . . the longer of . . . the 3-year period beginning on the date the claim accrues; or . . . the period applicable under State law.

12 U.S.C. § 1821 (d)(14)(A)(ii) (West 2001). In this case, the applicable statute of limitations is four years pursuant to New Mexico state law. *See* N.M. Stat. Ann. § 37-1-4 (Michie 1978).

The FIRREA also provides that:

> For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later date of—
> (i) the date of the appointment of the Corporation as conservator or receiver; or
> (ii) the date on which the cause of action accrues.

12 U.S.C. § 1821 (d)(14)(B)(i)–(ii) (West 2001). However, "[i]f the state statute of limitations has expired before the government acquires a claim, it is not revived by transfer to a federal agency." *FDIC v. Regier Carr & Monroe*, 996 F.2d 222, 225 (10th Cir. 1993) (quoting *FDIC v. Hinkson*, 848 F.2d 432, 434 (3d Cir. 1988)). The Court must, therefore, conduct a two-step analysis "in determining whether [the FIRREA] bars an action by the RTC": first, "whether the claims brought by RTC . . . were viable under the state limitations statute at the time the RTC became receiver," and if yes, secondly "whether FIRREA's . . . statute of limitations has run." *UMLIC-Nine Corp. v. Lipan Springs Dev. Corp.*, 168 F.3d 1173, 1177 (10th Cir. 1999)

(footnote and citations omitted). In this case, RTC was appointed Receiver of First American on August 30, 1990; thus, the cause of action must have accrued within four years of that date.

Pursuant to Judge Bunton's previous Order, New Mexico state law governs when Plaintiff's cause of action began to accrue.[2] Defendant contends that the statute of limitations began to accrue when the Omni loan was made; however, in support of his position, Defendant cites to cases relying on federal and Arizona state law. (Def's Br. at 8 n.2 (citing *RTC v. Blasdell*, 930 F. Supp. 417, 429 (D. Ariz. 1994); *Bryan*, 902 F.2d at 1522); Def's Reply at 9 (citing *Bryan*, 902 F.2d at 1522; *FDIC v. Jackson*, 133 F.3d 694, 697 & n.2 (9th Cir. 1998); *FDIC v. Allison*, No. 6-93-CV-59 C, 1994 WL 245208, at **7–8 (W.D. Tex. 1994).) None of those cases address when the statute of limitations began to accrue *under New Mexico state law*.

The Court, on its own review of New Mexico law, has found one New Mexico Supreme Court case that briefly addressed this issue. In *Akre v. Washburn*, 590 P.2d 635 (N.M. 1979), the New Mexico Supreme Court held that "where there is no specified time for the payment of loans, the action accrues upon the date of such loans." *Id.* at 637 (citing *Gentry v. Gentry*, 285 P.2d 503, 506 (N.M. 1955)). However, a New Mexico Court of Appeals has more recently distinguished *Akre* as relevant only to "money debts based on oral agreements." *Nashan v.*

---

[2]Judge Bunton recognized the Tenth Circuit's holding that *federal* law governed when a cause of action began to accrue in a case brought by the RTC. *See Farmers & Merchants Nat'l Bank v. Bryan*, 902 F.2d 1520, 1522 (10th Cir. 1990), *cited in Schuchmann*, CIV No. 93-1024, slip op. at 5. However, Judge Bunton further opined that the U.S. Supreme Court's decision in *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994), and the Tenth Circuit's certifications of questions of state law to state supreme courts altered the law in this Circuit with regard to this issue. *See Schuchmann*, CIV No. 93-1024, slip op. at 5–6. Thus, Judge Bunton applied state, not federal, law on the issue of when the statute of limitations began to accrue. *Id.* at 7. The Tenth Circuit expressly declined to resolve whether or not the *Bryan* decision remains good law. *Schuchmann*, 235 F.3d at 1229.

*Nashan*, 894 P.2d 402, 411 (N.M. Ct. App. 1995). As a consequence, the Court does not find the *Akre* decision necessarily dispositive on this issue since the Omni loan was not an oral transaction.

More helpful to the Court is an opinion by Judge Campos of this District, in which he construed New Mexico common law to find a tort cause of action to accrue "once a plaintiff suffers loss or injury." *RTC v. Foley*, 829 F. Supp. 352, 354 (D.N.M. 1993) (citing *Bolden v. Corrales*, 809 P.2d 635 (N.M. Ct. App. 1990)).[3] In the present case, Plaintiff suffered loss or injury on June 24, 1985, when Defendant approved the Omni loan, which allegedly exceeded the limitation of federal loans to one borrower, obligated First American to fund a $2.5 million loan when the entire net worth was approximately $1.2 million, and violated New Mexico law by being secured with a fourth lien. (Compl. at 16.) If Plaintiff's allegations are true, Defendant's approval of an "extraordinarily imprudent and improper loan" (*id.*) would be immediately injurious to Plaintiff, and the statute of limitations, thus, accrued at that time.

Under the New Mexico statute of limitations, First American should have initiated its state law claims by June 24, 1989, to be within the four-year statutory period. N.M. Stat. Ann. § 37-1-4. However, because no such state law claim was filed by that deadline, this cause of action expired prior to the appointment of RTC as Receiver of First American on August 30,

---

[3] Judge Campos also cited New Mexico statutory authority that makes an action not accrue "until an injury to or conversion of property is discovered by the plaintiff." *Foley*, 829 F. Supp. at 354 (citing N.M. Stat. Ann. § 37-1-7 (Michie 1978)). Yet, this statute applies only to "actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property," which are not claims in this action. N.M. Stat. Ann. § 37-1-7. This provision also applies to "constructive fraud," such as "fraudulent concealment" in an action based on negligence. *See Ramsey v. Culpepper*, 738 F.2d 1092, 1096 & n.1 (10th Cir. 1984) (citing N.M. Stat. Ann. § 37-1-7; *Gaston v. Hartzell*, 549 P.2d 632 (1976)). However, the "fraudulent concealment" doctrine is not applicable in this case as further explained later in this memorandum opinion.

1990. Pursuant to Tenth Circuit law, the appointment of Receiver did not revive the stale state law claim, *see Regier*, 996 F.2d at 225, and Plaintiff's action pertaining to the Omni loan is, therefore, barred.

## II.     Tolling of Statute of Limitations by "Adverse Domination" Doctrine

Plaintiff contends that summary judgment should be denied because there continues to be a material factual dispute regarding whether or not the statute of limitations should be tolled by the "adverse domination" doctrine.[4] The Court finds Plaintiff's argument to be wholly without merit because the "law of the case" prevents the relitigation of the adverse domination issue, which has already been tried and subsequently affirmed on appeal.

"The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

> [W]hen a case is appealed and remanded the decision of the
> appellate court establishes the law of the case and ordinarily will be
> followed by both the trial court on remand and the appellate court
> in any subsequent appeal. This doctrine is based on sound public

---

[4]"Adverse domination is an equitable theory for tolling the statute of limitations applicable to claims of negligence." *Schuchmann*, 235 F.3d at 1229. In *Schuchmann*, the Tenth Circuit affirmed the trial court's jury instruction that "adverse domination" requires a finding that:

> there was no one with knowledge of facts giving rise to possible
> liability who could or would have induced First American to bring a
> lawsuit. To do this the plaintiff must show that the defendant had
> full, complete, and exclusive control of the institution and negate
> the possibility that any informed director or shareholder could have
> induced the corporation to institute a lawsuit.

*Id.* (quoting I Appellant's App. at 425–26).

> policy that litigation should come to an end and is designed by preventing continued re-argument of issues already decided.

*United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (quotations and internal citations omitted). The Tenth Circuit has explicitly declined to "address under what circumstances findings of fact become the law of the case," *Monsisvais*, 946 F.2d at 115 n.2, but this Court believes that not adhering to the factual determinations of the jury would be contrary to the Tenth Circuit's admonition that "a litigant given one good bite at the apple should not have a second," *Alvarez*, 142 F.3d at 1247 (quoting *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 900 (Fed. Cir. 1984)). Thus, this Court holds that factual findings, like legal determinations, can establish the law of the case.

It is incontrovertible that the jury explicitly found no adverse domination as to the Omni loan, and that the Tenth Circuit affirmed this finding. *See Schuchmann*, 235 F.3d at 1229–30. While the Tenth Circuit may have mandated "[w]holesale reversal on the Omni loan transaction," it was clearly referring to "the jury's findings with regard to the issues of gross negligence, breach of fiduciary duties, proximate cause and damages." *Id.* at 1228 n.8. As Defendant correctly indicates, the Tenth Circuit at no time required a "wholesale reversal" of the adverse domination issue. Thus, the determination that Plaintiff did not establish adverse domination to toll the statute of limitations became the law of the case in this matter and cannot be revisited.

The Tenth Circuit has also held that a court may not follow the law of the case in three narrow circumstances:

> [When] the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*Monsisvais*, 946 F.2d at 117 (quoting *White v. Murtha*, 377 F.2d 428, 432 (5th Cir. 1967)). However, none of those circumstances are applicable to the present case. Plaintiff has not presented any evidence that is substantially different from the evidence presented at trial, no controlling authority has made any contrary decision applicable to the issue of adverse domination, and the Court does not believe the jury's finding was clearly erroneous or would work a manifest injustice. As a consequence, the prior finding of no adverse domination with regard to the Omni loan cannot be relitigated and, thus, must stand as the law of the case in this matter.

The Tenth Circuit's denial of Defendant's Petition for Panel Rehearing does not persuade the Court to reach a contrary conclusion. In his Petition, Defendant conceded that "ordinarily the procedure would be for this matter to be remanded to the trial judge so that he could enter his decision . . . on the statute of limitations defense." (Appellee Bernard Schuchmann's Petition for Panel Rehearing at 11, *FDIC v. Schuchmann* (10th Cir. 2001) (No. 99-2085).) Nevertheless, Defendant requested the Tenth Circuit to reconsider the reversal and remand pertaining to the Omni loan claim in the interests of "judicial economy" because any error with regard to the jury instruction for that claim would be "harmless error" if the claim is barred by the statute of limitations. (*Id.* at 9–10.) Therefore, when the Tenth Circuit denied Defendant's petition for rehearing, it chose not to address an issue that had not been considered by the lower court before the appeal. *See Johnson v. Champion,* 288 F.3d 1215, 1229 (10th Cir. 2002) ("The general rule is that a federal appellate court does not consider an issue not passed upon below." (quotations omitted)); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1232 n.7 (10th Cir. 2000) (declining to decide issue not raised on appeal despite undisputed evidence).

**III.     Tolling of Statute of Limitations on Other Grounds**

Because the Tenth Circuit reversed and remanded the Omni loan claim for further proceedings, Plaintiff is free to raise new defenses to the statute of limitations bar that are not subject to the law of the case doctrine. Plaintiff asserts that there are three factual disputes to be determined at trial that affect the statute of limitations issue: whether Defendant engaged in continuing conduct that extended past the statute of limitations deadline; whether the principles of equitable estoppel toll the statute of limitations; and whether a new jury would reach a different finding with regard to the adverse domination issue. As already explained, Plaintiff's third argument is without merit because the jury's finding of no adverse domination has become the law of the case. The Court will address the other two arguments in turn under New Mexico state law, which governs the tolling of the statute of limitations. *See Schuchmann*, CIV No. 93-1024, slip op. at 7.

    A.     Continuing Conduct

RTC was appointed Receiver of First American in August 30, 1990; thus, under the New Mexico statute of limitations, the cause of action must have accrued within four years of the appointment of Receiver—by August 30, 1986, at the latest. However, Plaintiff contends that Defendant continued to engage in wrongful conduct past the statute of limitations deadline, well into late 1986 and possibly 1987. The Court does not find Plaintiff's argument to be persuasive.

Under New Mexico law, "damages may be awarded for successive injuries, and a new statute of limitations begins to run from the date of each injury." *Valdez v. Mountain Bell Tel. Co.*, 755 P.2d 80, 83 (N.M. Ct. App. 1988) (citations omitted). However, "[f]or purposes of determining when the statute of limitations began to run" for an injury that was of a continuing

nature, the court is "concerned only with the point at which the [plaintiff] knew or should have known that [it] was damaged by" the injury. *LaMure v. Peters*, 924 P.2d 1379, 1383–84 (N.M. Ct. App. 1996). The Tenth Circuit has similarly held that "[u]nder the continuing wrong doctrine, . . . where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury," but that "the doctrine cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430–31 (10th Cir. 1996) (quotations omitted).

Plaintiff merely makes vague assertions of wrongful conduct by Defendant after the August 30, 1986 deadline. It claims that Defendant "released all claims against guarantors and borrowers for $25,000" after the loan went into default, and First American "paid off all prior lien holders and increased the amount paid out on the loan to more than $4 million." (Pff's Opp'n at 3.) Additionally, Plaintiff contends that "[i]n December, 1986 critical decisions were made on the loan and grossly improvident actions taken that were initiated and approved by Mr. Schuchmann," and that "[t]here may be additional Omni-related acts in the autumn of 1986 and into 1987 presented at trial that further emphasize that claims giving rise to damages in this transaction were well within the limitations period." (*Id.* at 10–11.)

Defendant has met his initial burden of showing that this remaining claim is barred by the statute of limitations. Yet, none of the arguments by Plaintiff satisfies its requirement to "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Plaintiff has not presented any tangible evidence,

beyond speculative assertions, that Defendant engaged in any wrongful conduct within the statute of limitations period that would constitute continuing conduct, except perhaps the release of all claims after the Omni loan went into default, which does not alone establish a sufficient showing of continuing wrongful conduct. The lack of evidentiary support is particularly stark given the fact that a trial has already taken place on this very claim.

Moreover, from Plaintiff's own assertions, "[t]here were serious problems with the loan from the outset," including the acceptance of a fourth lien as security, violations of federal and state law by exceeding loan-to-one borrower limits, the virtual nonexistence of underwriting of the loan, no review of the loan materials, and no formal approval of the loan." (Pff's Opp'n at 3.) Thus, Plaintiff itself seems to indicate that there was a definite and discoverable injury at the time Defendant approved the Omni loan and presents no reasons why it did not come forward to seek redress within the statute of limitations for that injury.

B. Equitable Estoppel

Plaintiff further argues that the statute of limitations should be tolled under the doctrine of equitable estoppel "to the extent that Mr. Schuchmann is found to have failed to disclose to the Association and its representatives the suspect nature of the Omni loan or concealed the value of the land or the nature of the transaction, or otherwise breached his fiduciary duty of loyalty . . . ." (Pff's Opp'n at 11.) Again, the Court finds that Plaintiff's arguments fall short of demonstrating that there is a genuine issue for trial.

The New Mexico Supreme Court recognizes the principles of equitable estoppel, which may toll the statute of limitations, under the doctrine of "fraudulent concealment." *See Garcia v. La Farge*, 893 P.2d 428, 432 (N.M. 1995). The fraudulent concealment doctrine has been

codified in New Mexico statutes,[5] and is applicable to both actual fraud actions and constructive fraud in actions grounded in negligence. *See Ramsey,* 738 F.2d at 1096 & n.1 (citing *Gaston*, 549 P.2d 632). In order to establish fraudulent concealment, the proponent must demonstrate the following facts:

> (1) the use of fraudulent means by the party who raises the bar of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of reasonable diligence could not have known that he might have a cause of action.

*Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 74 (N.M. 1993) (citing *Keithley v. St. Joseph's Hosp.*, 698 P.2d 435, 440 (N.M. Ct. App. 1984)).

The party asserting fraudulent concealment "must plead the circumstances giving rise to estoppel with particularity." *Id.* (citing *Hardin v. Farris*, 530 P.2d 407, 410 (N.M. Ct. App. 1974)). "Bald allegations of concealment are not sufficient to make out a case of fraudulent concealment." *Id.* (citing SCRA 1986, 1-009(B) (Repl. Pamp. 1992)).

> [T]he party asserting estoppel must sustain the burden of showing not only that he failed to discover the cause of action prior to the running of the statute of limitations, but also that he exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence.

*Id.* (citations omitted).

---

[5]The New Mexico statute provides:

> In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved.

N.M. Stat. Ann. § 37-1-7.

Plaintiff has not made a sufficient showing in support of any of the factors necessary to establish fraudulent concealment. All that Plaintiff has done is suggest vague evidence of fraudulent concealment that possibly may be demonstrated at trial. Plaintiff utterly fails to "plead the circumstances giving rise to estoppel with particularity," but rather makes "[b]ald allegations of concealment," contrary to the requirements set forth by New Mexico law. *Continental Potash*, 858 P.2d at 74 (citations omitted). After two summary judgment motions, a jury trial, and an appeal, Plaintiff has never presented the particular circumstances by which Defendant successfully concealed his allegedly wrongful conduct from Plaintiff.

Equally important, Plaintiff fails to explain why it "did not know or by the exercise of reasonable diligence could not have known" that a cause of action had accrued. *Id.* (citation omitted). This is particularly significant given Plaintiff's repeated assertions of blatant wrongful conduct by Defendant from the very onset of the Omni loan, including *inter alia* that the "Federal Home Loan Bank examinations were sharply critical of the appraisal and other underwriting practices at First American, including the practices with respect to the Omni loan." (Pff's Opp'n at 9 & Ex. J.) This examination is dated September 9, 1985, and Plaintiff provides no explanation as to why it did not have knowledge of this cause of action at that time.

## CONCLUSION

In summary, the Court finds that the Omni loan claim is barred by the statute of limitations, which began to accrue under New Mexico law upon Defendant's approval of the Omni loan. Adverse domination cannot toll the statute of limitations because the jury's finding of no adverse domination has become the law of the case. Moreover, the statute of limitations

cannot be tolled on the grounds of Defendant's alleged continuing wrongful conduct or fraudulent concealment because Plaintiff has not made a sufficient showing of a genuine issue for trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 554]** is hereby **GRANTED**.

Dated this 16th day of September, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
Harold D. Stratton, Jr., Esq.
Stephen D. Ingram, Esq.
Antony S. Burt, Esq.
Jeffrey Ross Williams, Esq.
J. Scott Watson, Esq.
F. Thomas Hecht, Esq.
Claudette P. Miller, Esq.

Attorney(s) for Defendant(s):
Alice T. Lorenz, Esq.
V.V. Cooke, Esq.
William M. Ravkind, Esq.
Douglas P. Lobel, Esq.